IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henderson Jordan,<br><br>          Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CIV 11-0210-PHX-DKD<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

      Henderson Jordan filed a Petition for Writ of Habeas Corpus on February 1, 2011, challenging his 1994 convictions in Maricopa County Superior Court for manslaughter, use of narcotic drugs, use of marijuana, and possession of drug paraphernalia. The trial court sentenced Jordan to an aggravated 30-year prison term on the manslaughter count, and aggravated terms for the drug offenses, the longest being 8 years, to be served concurrently to one another and consecutively to the sentence for the manslaughter conviction. Jordan raises seven grounds for habeas relief, arguing improprieties in the indictment and sentencing, and the ineffective assistance of trial counsel. Respondents argue that the petition is untimely and Jordan is not entitled to equitable tolling, and that Jordan's claims are procedurally defaulted. The Court agrees that the petition is untimely, that Jordan is not entitled to any statutory or equitable tolling, and recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

The facts surrounding the charged offenses are summarized in the court of appeals memorandum decision:

> The Defendant was involved in an automobile accident that caused a death. He was taken to the hospital, and he ultimately tested positive for drug use. He was subsequently charged with manslaughter, use of a narcotic drug, use of marijuana, and possession of drug paraphernalia. The Defendant acted as his own counsel with the assistance of advisory counsel. At trial, he argued that he was not driving the truck when the accident occurred. Nonetheless, the jury found him guilty on all counts and concluded that the manslaughter was a dangerous offense. The Defendant was sentenced to the maximum term for each count plus an additional two years on each count because the offenses were committed while the Defendant was on release. He received a total of thirty-eight years in prison.

(Doc. 10, Exh A).

Following the judgments of conviction and sentencing, on September 14, 1994, Jordan filed a timely notice of appeal, and appellate counsel filed an *Anders* brief, raising two arguable issues related to the trial court's denial of two motions for mistrial (*Id.*, Exh K). On November 30, 1995, Jordan filed a pro se supplemental brief, raising the following issues: (1) ineffective assistance of appointed counsel; (2) ineffective assistance of advisory counsel; and (3) the trial court's abuse of discretion in denying several defense motions (*Id.*, Exh M). On February 27, 1996, the court of appeals affirmed the convictions and sentences, declining to decide the ineffective assistance issues because of inadequate information in the record. In addition, the court of appeals ruled that the trial court did not abuse its discretion in denying defense motions (*Id.*, Exh A). Jordon did not file a pro per motion for reconsideration or a petition for review (*Id.*, Exh N).

On January 16, 2009, almost 13 years after the court of appeals affirmed Jordan's convictions and sentences, he filed his first petition for post-conviction relief (*Id.*, Exh O). He alleged that the petition was based on "newly discovered evidence and materials of facts [sic] not known before this petition" (*Id.*). Jordan argued that the trial court erred or

exceeded its authority as follows: (1) improperly applying A.R.S. § 13-604 in imposing sentence for the drug offenses; (2) using a historical prior for sentence enhancement under § 13-604; (3) not allowing a jury to decide the quantity of drugs for sentence enhancement; (4) allowing Jordan to admit to having one prior felony conviction when he was misled or in doubt about the use of the prior conviction; (5) using a motor vehicle as a dangerous instrument for sentence enhancement when it had already been used to make it a dangerous offense; (6) considering a prior charge for which Jordan was acquitted as an aggravating circumstance; (7) amending the indictment for impeachment and sentence enhancement; (8) using information in the presentence report as an aggravating factor when Jordan had not reviewed the report or been allowed to make objections; and (9) sentencing Jordan outside of the statutory range (*Id.*).

On April 21, 2009, the trial court ruled that the claims could not be raised in an untimely petition. Jordan had argued that he was excused from the timeliness requirement because the failure to timely file was without fault on his part. The trial court rejected this argument because it was not an "of right" petition, and Jordan was therefore not entitled to relief. The trial court also determined that Jordan's claim of newly discovered evidence was without merit because he had failed to show that the evidence was discovered after trial although it existed before trial; that it could not have been discovered and produced at trial through reasonable diligence; that the evidence was material; and that it would have changed the verdict. The trial court also ruled that Jordan had failed to allege what newly discovered facts entitled him to relief (*Id.*, Exh P). Finally, the trial court rejected Jordan's *Blakely* argument, noting that *Blakely* does not apply retroactively to final convictions in Arizona (*Id.*). On June 2, 2010, the court of appeals denied review; on December 6, 2010, the supreme court denied review (*Id.*, Exh T, V). Jordan filed his federal petition on February 1, 2011 (Doc. 1).

Jordan was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). Jordan's conviction became final on March 29, 1996, 30 days after the court of appeals issued its memorandum decision. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). Because his conviction became final before the enactment of the AEDPA, Jordan had a one-year grace period, until April 24, 1997, in which to file his habeas petition in federal court. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). In the absence of statutory tolling, the limitations period expired on April 24, 1997. Jordan filed nothing in superior court that would have tolled the one-year limitations period. "[A] properly and timely filed petition in state court only tolls the time remaining in the federal limitation period." *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001), *cert. denied*, 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003). Jordan's petition filed following the expiration of the limitations period does not afford him any tolling. There can be no tolling following the expiration of the limitations period because "there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000). Finally, Jordan's petition for post-conviction relief, filed 13 years after the expiration of the limitations period, does not revive the expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

In addition, Jordan is not entitled to equitable tolling. He has not demonstrated that he had been pursuing his rights diligently and the existence of any extraordinary circumstances which prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). He has also not shown that an external impediment caused his untimely filing, and not his lack of diligence. *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In his reply, he does not present any legal argument related to the timeliness of his petition, addressing only Respondents' contention that his claims were procedurally defaulted. However, he attached to his reply an affidavit stating as follows:

> I Henderson Jordan hereby avow, attest and certify that under penalty of perjury that under the guidelines of Rule 32.1(e)(3), I filed my first motion of Rule 32 within 100 days of discovering that my sentence may be in violation of state law by my assigned C.O. 3 after reviewing my AIMS file and release dates not being in order by comparison to other sentence within 30 days of each other. Stating that the calculations were different and shouldn't be - thus becoming aware of sentencing violation and filing Rule 32, and asking for an evidentiary hearing to explain what I now know to be ex post facto rather than misapplication of 13-604 and 702.

(Doc. 11, Exh 7).

Jordan has not established either of the two requirements necessary for the application of equitable tolling. Jordan does not demonstrate that the information about his sentence was in fact newly discovered and not available at the time of sentencing or at the time of his appeal, or why he did not pursue his post-conviction petition in a timely manner following the court of appeals memorandum decision. Jordan does not allege nor does the record reflect that he was diligent in pursuing his rights. In addition, he has not shown an external impediment caused his untimely filing, and not his lack of diligence. *Bryant*. His ignorance of the law is not an extraordinary circumstance. *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006).

**IT IS THEREFORE RECOMMENDED** that Henderson Jordan's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen

days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of July, 2011.

_____
David K. Duncan
United States Magistrate Judge