1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Henderson Jordan,                    )    No. CV 11-0210-PHX-JAT
                                          )
10              Petitioner,               )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Charles L. Ryan, et. al.,            )
13                                        )
                Respondents.              )
14                                        )
     _____)

15

16          This matter arises on Petitioner's Petition for Writ of Habeas Corpus and Motion to

17   Stay Proceedings. This case was referred to a Magistrate Judge who issued a Report and

18   Recommendation (R&R) recommending that this Court find that the Petition in this case is

19   barred by the statute of limitations. Petitioner filed his Motion to Stay Proceedings after the

20   Magistrate Judge issued the R&R. For the reasons set forth below, this Court finds that the

21   Petition is barred by the statute of limitations and the Motion to Stay Proceedings is therefore

22   moot.

23   **I.  Background**

24          The facts surrounding Petitioner's indictment, conviction, and sentencing are set forth

25   in the Magistrate Judge's R&R at page 2. Following the judgments of conviction and

26   sentencing, on September 14, 1994, Petitioner filed a timely notice of appeal (Doc. 10, Exh

27   K). The court of appeals affirmed the convictions and sentences on February 27, 1996.

28          Petitioner filed his first petition for post-conviction relief in state court on January 16,

1  2009 (*Id.*, Exh O). Petitioner contended that the trial court erred or exceeded its authority on

2  nine separate points, detailed in the R&R at pages 2-3. The trial court ruled that the claims

3  could not be raised in an untimely petition and rejected Petitioner's argument that he was

4  excused from the timeliness requirement, as laid out in the R&R at page 3. Both the state

5  court of appeals and the supreme court denied review. Petitioner filed his federal Petition on

6  February 1, 2011. Petitioner then filed a Motion for Stay on August 15, 2011.

7  **II.   Reviewing a Magistrate Judge's Report and Recommendation**

8  Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636, a "district judge may refer

9  dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who

10  shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474

11  U.S. 140, 141 (1985); *see* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d

12  656, 658 (9th Cir. 1993). Any party who disagrees with the magistrate's recommendations

13  "may serve and file written objections." 28 U.S.C. § 636(b)(1).

14  In reviewing a R&R, this Court must conduct a de novo review of any portion of the

15  R&R to which either party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

16  Cir. 2003) (*en banc*); *see* 28 U.S.C. § 636(b)(1)(C). Because Petitioner has objected to the

17  recommendation that this Court find his Petition is barred by the statute of limitations, the

18  Court will review the Petition de novo.

19  **III.   Timeliness under the AEDPA**

20  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-

21  year statute of limitations from when a conviction becomes final for a defendant to file a

22  federal Petition for Writ of Habeas Corpus. 28 U.S.C. § 2244(d). The AEDPA provides a

23  grace period for defendants whose convictions became final before the effective date of the

24  statute, granting them one year from April 24, 1996 to file their petitions. *See Patterson v.*

25  *Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

26  In this case, Petitioner's conviction became final on February 27, 1996, the date the

27  court of appeals affirmed his convictions and sentences. However, because Petitioner's

28  conviction pre-dated the AEDPA, Petitioner had until April 24, 1997 to file a timely petition.

- 2 -

1    *Id.* Petitioner filed his first petition for post-conviction relief on January 16, 2009, and he did
2    not file his federal habeas petition until February 1, 2011. Thus, the Petition for Writ of
3    Habeas Corpus exceeds the one year statute of limitations established by the AEDPA unless
4    Petitioner can show he is entitled to statutory and/or equitable tolling.

5         The one-year statute of limitation is tolled during the time that a "properly filed
6    application for State post-conviction or other collateral review with respect to the pertinent
7    judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006
8    (9th Cir. 1999). In this case, Petitioner did not file any application for State post-conviction
9    review until January 16, 2009, almost 12 years after the April 24, 1997 deadline established
10   by the AEDPA's one-year grace period. Thus, applying statutory tolling, the Petition in this
11   case is still untimely.

12        In his objections, Petitioner disputes some of the facts upon which the Magistrate
13   Judge relied on in his R&R. Specifically, Petitioner contends that the Magistrate Judge failed
14   to take into consideration the fact that he filed his first petition for Rule 32 relief on January
15   9, 2009. (Doc. 13 at 2). However, because the AEDPA statute of limitations had already run
16   by the time Petitioner commenced his post-conviction action, statutory tolling will not save
17   his Petition. The date upon which Petitioner claims he filed his first petition for Rule 32 relief
18   does not change the fact that his petition exceeded the one year statute of limitations. Once
19   the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief
20   cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).
21   Petitioner's argument fails to establish any basis for statutory tolling. Therefore, his petition
22   is untimely unless equitable tolling applies.

23        The AEDPA's one year statute of limitation is subject to equitable tolling because it
24   is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 130 S.Ct. 2549, 2560
25   (2010); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009). A petitioner
26   seeking equitable tolling must show: "(1) that he has been pursuing his right diligently, and
27   (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S.
28   408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable

1    diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (internal citations

2    and quotations omitted).

3           Petitioner likewise does not establish any basis for equitable tolling. Petitioner first

4    argues that he did not know about AEDPA and was not informed by the court of the one year

5    statute of limitation. (Doc. 13 at 3-4). However, Petitioner's lack of familiarity with the law

6    is not by itself an extraordinary circumstance warranting equitable tolling. *Raspberry v.*

7    *Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Furthermore, the court has no affirmative duty

8    to notify Petitioner of the AEDPA's statute of limitation. *Id.* Grounds for equitable tolling

9    must be beyond the control of the petitioner or his attorney. *Miles v. Prunty*, 187 F.3d 1104,

10   1107 (9th Cir. 1999). Petitioner has not alleged that any impediment to filing outside of his

11   control prevented him from filing for nearly 12 years. Therefore, Petitioner has failed to

12   show he is entitled to equitable tolling for this reason.

13          Petitioner next argues that he is entitled to file a Petition for Writ of Habeas Corpus

14   at any time in order to correct an illegal sentence. (Doc. 13 at 4). Petitioner claims that the

15   AEDPA violates the Constitution's prohibition against ex post facto laws. (*Id.*). Article I, §

16   9 of the Constitution prohibits the passage of any ex post facto law. *Rosenberg v. United*

17   *States*, 346 U.S. 273, 290 (1953). The Clause is aimed at laws that "retroactively alter the

18   definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood*,

19   497 U.S. 37, 41 (1990). However, petitioner "does not contend that the [AEDPA] punishes

20   as a crime conduct which was innocent when done, nor does he contend that the [AEDPA]

21   results in an increased punishment or deprives him of any legal defense." *Griffin v. Endicott*,

22   932 F.Supp. 231, 232 (E.D. Wis. 1996); *see also Calder v. Bull*, 3 U.S. 386 (1798).

23   Furthermore, the AEDPA provided a one-year grace period to all persons, including

24   Petitioner, who were sentenced before the passage of the AEDPA to ensure that they were

25   not negatively affected or prejudiced by the statute of limitation it imposed.

26          Petitioner also argues that he was "prejudiced by the court's failure to conduct an

27   adequate investigation into the new sentencing changes," and that this resulted in

28   "constitutional and fundamental error." (Doc 13 at 4). To support his argument, Petitioner

1  refers to *State v. Henley*, 141 Ariz. 465, 469 (Ariz. 1984) (holding that an error is

2  fundamental if it violates the constitution) *overruled by State v. Soliz*, 223 Ariz. 116 (Ariz.

3  2009), and *State v. Herrera*, 131 Ariz. 35, 37 (Ariz. 1981) (holding that a court may not

4  "provide a penalty in the statute where one does not exist"). Petitioner, however, fails to

5  elaborate on his argument that constitutional and fundamental error existed and why such

6  alleged error provides a justification for his untimely Petition. Only under exceptional

7  circumstances, such as a claim of actual innocence, may a failure to meet the AEDPA's one

8  year statute of limitation be excused. *Lee v. Lampert*, 2011 U.S. App. Lexis 15830, *1 (9th

9  Cir. 2011) (en banc). Here, Petitioner has made no claim of actual innocence, and his

10  conclusory allegations of constitutional and fundamental error do not fall within the narrow

11  category of cases that warrant an exception to the statute of limitations.

12  Finally, Petitioner objects to the magistrate judge's failure to address his claims of

13  ineffective assistance of trial counsel and appellate counsel. (Doc 13 at 5). Whether

14  Petitioner may have received faulty legal advice from his counsel does not support a claim

15  of equitable tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Furthermore, any

16  potential error by counsel does not provide a basis for equitable tolling. *Lawrence v. Florida*,

17  549 U.S. 327, 336-37 (2007). Accordingly, having considered equitable tolling, the Court

18  continues to find the Petition in this case is untimely.

19  **IV.  Stay and Abeyance**

20  In a separate motion, Petitioner requests a stay so he can exhaust his new state motion

21  that he filed on April 4, 2011 with the Arizona Court of Appeals to dismiss for lack of subject

22  matter jurisdiction. (Doc. 14 at 2). Petitioner states that this new motion pending in state

23  court "is critical to the theory and argument's [sic] in the petitioner's habeas corpus petition

24  now in front of this court" (*Id.*). For the reasons set forth below, the stay and abeyance

25  procedure is not appropriate in this case.

26  Congress enacted the AEDPA in order to "reduce delays in the execution of state and

27  federal criminal sentences" and encourage "petitioners to seek relief from state courts in the

28  first instance." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). To avoid abuse of the procedure

- 5 -

1  that might undermine the goals of the AEDPA, stay and abeyance "should be available only

2  in limited circumstances." *Id.* at 277. Stay and abeyance is only appropriate when the district

3  court determines that: (1) there was good cause for petitioner's failure to exhaust his claims

4  first in state court, (2) the unexhausted claims are not "plainly meritless," and (3) the

5  petitioner did not deliberately engage in dilatory litigation tactics. *Id.* at 277-78.

6        Petitioner fails to provide sufficient justification to grant a stay and abeyance.

7  Petitioner filed his first petition for post-conviction relief on January 16, 2009. He then filed

8  his federal petition on February 1, 2011. However, in his motion for stay and abeyance,

9  Petitioner does not offer any rationale for why he failed to exhaust his claims in state court

10  in the first instance and why he waited nearly 12 years to bring these claims forward. To

11  grant Petitioner his motion for stay and abeyance would undermine the goals of the AEDPA.

12  Furthermore, the Petition in this case was untimely, and the granting of Petitioner's motion

13  for stay and abeyance would not overcome his failure to meet the statute of limitations.

14  **V.  Summary**

15        For the foregoing reasons, the Petition for Writ of Habeas Corpus will be denied as

16  untimely. Furthermore, the Motion for Stay and Abeyance will be denied.

17        Accordingly,

18        **IT IS ORDERED** that the Report and Recommendation (Doc. 12) is accepted and

19  adopted with regard to the Petition for Writ of Habeas Corpus; Petitioner's objections (Doc.

20  13) are overruled, the Petition is denied and dismissed, with prejudice, and the Clerk of the

21  Court shall enter judgment accordingly.

22        **IT IS FURTHER ORDERED** that Petitioner's Motion to Stay Habeas Corpus

23  Proceedings (Doc. 14) is denied.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

- 6 -

1          **IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing

2    Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a

3    certificate of appealability because dismissal of the petition is based on a plain procedural

4    bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack*

5    *v. McDaniel*, 529 U.S. 473, 484 (2000).

6          DATED this 14th day of September, 2011.

7

8

9                                                  James A. Teilborg
                                                   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28