**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Henderson Jordan, | ) No. CV 11-0210-PHX-JAT |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| Charles L. Ryan, et. al., | ) |
| Respondents. | ) |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus and Motion to Stay Proceedings. This case was referred to a Magistrate Judge who issued a Report and Recommendation (R&R) recommending that this Court find that the Petition in this case is barred by the statute of limitations. Petitioner filed his Motion to Stay Proceedings after the Magistrate Judge issued the R&R. For the reasons set forth below, this Court finds that the Petition is barred by the statute of limitations and the Motion to Stay Proceedings is therefore moot.

**I. Background**

The facts surrounding Petitioner's indictment, conviction, and sentencing are set forth in the Magistrate Judge's R&R at page 2. Following the judgments of conviction and sentencing, on September 14, 1994, Petitioner filed a timely notice of appeal (Doc. 10, Exh K). The court of appeals affirmed the convictions and sentences on February 27, 1996.

Petitioner filed his first petition for post-conviction relief in state court on January 16,

2009 (*Id.*, Exh O). Petitioner contended that the trial court erred or exceeded its authority on nine separate points, detailed in the R&R at pages 2-3. The trial court ruled that the claims could not be raised in an untimely petition and rejected Petitioner's argument that he was excused from the timeliness requirement, as laid out in the R&R at page 3. Both the state court of appeals and the supreme court denied review. Petitioner filed his federal Petition on February 1, 2011. Petitioner then filed a Motion for Stay on August 15, 2011.

## II. Reviewing a Magistrate Judge's Report and Recommendation

Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636, a "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party who disagrees with the magistrate's recommendations "may serve and file written objections." 28 U.S.C. § 636(b)(1).

In reviewing a R&R, this Court must conduct a de novo review of any portion of the R&R to which either party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); *see* 28 U.S.C. § 636(b)(1)(C). Because Petitioner has objected to the recommendation that this Court find his Petition is barred by the statute of limitations, the Court will review the Petition de novo.

## III. Timeliness under the AEDPA

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations from when a conviction becomes final for a defendant to file a federal Petition for Writ of Habeas Corpus. 28 U.S.C. § 2244(d). The AEDPA provides a grace period for defendants whose convictions became final before the effective date of the statute, granting them one year from April 24, 1996 to file their petitions. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

In this case, Petitioner's conviction became final on February 27, 1996, the date the court of appeals affirmed his convictions and sentences. However, because Petitioner's conviction pre-dated the AEDPA, Petitioner had until April 24, 1997 to file a timely petition.

*Id.* Petitioner filed his first petition for post-conviction relief on January 16, 2009, and he did not file his federal habeas petition until February 1, 2011. Thus, the Petition for Writ of Habeas Corpus exceeds the one year statute of limitations established by the AEDPA unless Petitioner can show he is entitled to statutory and/or equitable tolling.

The one-year statute of limitation is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). In this case, Petitioner did not file any application for State post-conviction review until January 16, 2009, almost 12 years after the April 24, 1997 deadline established by the AEDPA's one-year grace period. Thus, applying statutory tolling, the Petition in this case is still untimely.

In his objections, Petitioner disputes some of the facts upon which the Magistrate Judge relied on in his R&R. Specifically, Petitioner contends that the Magistrate Judge failed to take into consideration the fact that he filed his first petition for Rule 32 relief on January 9, 2009. (Doc. 13 at 2). However, because the AEDPA statute of limitations had already run by the time Petitioner commenced his post-conviction action, statutory tolling will not save his Petition. The date upon which Petitioner claims he filed his first petition for Rule 32 relief does not change the fact that his petition exceeded the one year statute of limitations. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's argument fails to establish any basis for statutory tolling. Therefore, his petition is untimely unless equitable tolling applies.

The AEDPA's one year statute of limitation is subject to equitable tolling because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009). A petitioner seeking equitable tolling must show: "(1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable

diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (internal citations and quotations omitted).

Petitioner likewise does not establish any basis for equitable tolling. Petitioner first argues that he did not know about AEDPA and was not informed by the court of the one year statute of limitation. (Doc. 13 at 3-4). However, Petitioner's lack of familiarity with the law is not by itself an extraordinary circumstance warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Furthermore, the court has no affirmative duty to notify Petitioner of the AEDPA's statute of limitation. *Id.* Grounds for equitable tolling must be beyond the control of the petitioner or his attorney. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner has not alleged that any impediment to filing outside of his control prevented him from filing for nearly 12 years. Therefore, Petitioner has failed to show he is entitled to equitable tolling for this reason.

Petitioner next argues that he is entitled to file a Petition for Writ of Habeas Corpus at any time in order to correct an illegal sentence. (Doc. 13 at 4). Petitioner claims that the AEDPA violates the Constitution's prohibition against ex post facto laws. (*Id.*). Article I, § 9 of the Constitution prohibits the passage of any ex post facto law. *Rosenberg v. United States*, 346 U.S. 273, 290 (1953). The Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990). However, petitioner "does not contend that the [AEDPA] punishes as a crime conduct which was innocent when done, nor does he contend that the [AEDPA] results in an increased punishment or deprives him of any legal defense." *Griffin v. Endicott*, 932 F.Supp. 231, 232 (E.D. Wis. 1996); *see also Calder v. Bull*, 3 U.S. 386 (1798). Furthermore, the AEDPA provided a one-year grace period to all persons, including Petitioner, who were sentenced before the passage of the AEDPA to ensure that they were not negatively affected or prejudiced by the statute of limitation it imposed.

Petitioner also argues that he was "prejudiced by the court's failure to conduct an adequate investigation into the new sentencing changes," and that this resulted in "constitutional and fundamental error." (Doc 13 at 4). To support his argument, Petitioner

refers to *State v. Henley*, 141 Ariz. 465, 469 (Ariz. 1984) (holding that an error is fundamental if it violates the constitution) *overruled by State v. Soliz*, 223 Ariz. 116 (Ariz. 2009), and *State v. Herrera*, 131 Ariz. 35, 37 (Ariz. 1981) (holding that a court may not "provide a penalty in the statute where one does not exist"). Petitioner, however, fails to elaborate on his argument that constitutional and fundamental error existed and why such alleged error provides a justification for his untimely Petition. Only under exceptional circumstances, such as a claim of actual innocence, may a failure to meet the AEDPA's one year statute of limitation be excused. *Lee v. Lampert*, 2011 U.S. App. Lexis 15830, *1 (9th Cir. 2011) (en banc). Here, Petitioner has made no claim of actual innocence, and his conclusory allegations of constitutional and fundamental error do not fall within the narrow category of cases that warrant an exception to the statute of limitations.

Finally, Petitioner objects to the magistrate judge's failure to address his claims of ineffective assistance of trial counsel and appellate counsel. (Doc 13 at 5). Whether Petitioner may have received faulty legal advice from his counsel does not support a claim of equitable tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Furthermore, any potential error by counsel does not provide a basis for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Accordingly, having considered equitable tolling, the Court continues to find the Petition in this case is untimely.

**IV. Stay and Abeyance**

In a separate motion, Petitioner requests a stay so he can exhaust his new state motion that he filed on April 4, 2011 with the Arizona Court of Appeals to dismiss for lack of subject matter jurisdiction. (Doc. 14 at 2). Petitioner states that this new motion pending in state court "is critical to the theory and argument's [sic] in the petitioner's habeas corpus petition now in front of this court" (*Id.*). For the reasons set forth below, the stay and abeyance procedure is not appropriate in this case.

Congress enacted the AEDPA in order to "reduce delays in the execution of state and federal criminal sentences" and encourage "petitioners to seek relief from state courts in the first instance." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). To avoid abuse of the procedure

that might undermine the goals of the AEDPA, stay and abeyance "should be available only in limited circumstances." *Id.* at 277. Stay and abeyance is only appropriate when the district court determines that: (1) there was good cause for petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner did not deliberately engage in dilatory litigation tactics. *Id.* at 277-78.

Petitioner fails to provide sufficient justification to grant a stay and abeyance. Petitioner filed his first petition for post-conviction relief on January 16, 2009. He then filed his federal petition on February 1, 2011. However, in his motion for stay and abeyance, Petitioner does not offer any rationale for why he failed to exhaust his claims in state court in the first instance and why he waited nearly 12 years to bring these claims forward. To grant Petitioner his motion for stay and abeyance would undermine the goals of the AEDPA. Furthermore, the Petition in this case was untimely, and the granting of Petitioner's motion for stay and abeyance would not overcome his failure to meet the statute of limitations.

**V. Summary**

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be denied as untimely. Furthermore, the Motion for Stay and Abeyance will be denied.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 12) is accepted and adopted with regard to the Petition for Writ of Habeas Corpus; Petitioner's objections (Doc. 13) are overruled, the Petition is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay Habeas Corpus Proceedings (Doc. 14) is denied.

///
///
///
///
///

1    **IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 14th day of September, 2011.

_____
James A. Teilborg
United States District Judge